O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>$15,768,787.86 IN FUNDS,<br><br>          Defendant. | Case № 2:22-CV-05862-ODW (PDx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [19]** |

## I.    INTRODUCTION AND BACKGROUND

On August 18, 2022, Plaintiff United States of America ("Government") initiated this *in rem* forfeiture action. (*See* Verified Compl. ("Compl."), ECF No. 1.) Through this action, the Government seeks forfeiture of $15,768,787.86 in funds wired to a United States Treasury account on or about March 15, 2022, from Sunny Bank Account, ending in the last four digits 0061 and held in the name of I-Yun Yih, also known as "Nancy Yih" ("Defendant Funds"). (*Id.* ¶ 5.) The Defendant Funds were transferred to the United States Treasury pursuant to a plea agreement between the Government and Yih. (*See id.* ¶ 14–15.) Pursuant to that agreement, Yih pleaded guilty to smuggling goods into the United States, 18 U.S.C. § 545, and money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), and agreed to forfeit the Defendant Funds as

proceeds of said violations. (*See id.*) The Government alleges that the Defendant Funds are accordingly subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), and 984. (*Id.* ¶¶ 1, 15.)

Because Yih agreed to the forfeiture of the Defendant Funds, the Government could not identify any specific persons or entities whose interests may have been adversely affected by these proceedings. (Mot. Default J. ("Mot." or "Motion") 4, ECF No. 19.) Thus, there are no known potential claimants to the Defendant Funds. (Decl. Tara B. Vavere ISO Mot. ("Vavere Decl.") ¶ 5, ECF No. 19.) The Government published a Notice of Civil Forfeiture for thirty days pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions. (*Id.* ¶ 4.) On October 20, 2022, the Government executed process upon the Defendant Funds. (*Id.* ¶ 3; Process Receipt and Return, ECF No. 15.) The time for filing a claim or answer has expired. (Vavere Decl. ¶ 6.) There are no pending claims to the Defendant Funds or pending answers to the Complaint. (*Id.* ¶ 7.)

On November 17, 2022, the Clerk entered default as to the Defendant Funds and the interests of all potential claimants regarding the Defendant Funds. (Vavere Decl. ¶ 8; Default, ECF No. 17.) On November 18, 2022, the Government moved for default judgment against the interests of all potential claimants. (Mot.) Pursuant to Local Rule 7-9, any opposition to the Government's Motion was due no later than twenty-one days before the January 9, 2023 hearing date. The Court received no opposition to the Motion.

Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff

must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration and include the following information: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) the Servicemembers Civil Relief Act, 50 U.S.C. § 521, does not apply; and (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court considers several factors ("*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### III. DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the Government has met all procedural requirements for obtaining a default judgment

against the interests of all potential claimants. Notice was adequately given and the time for filing a claim or answer has expired. There are no pending claims or answers. The Government has satisfied the procedural requirements of Rule 55 and Local Rule 55-1: (1) on November 17, 2022, the Clerk entered default against the Defendant Funds and the interests of all potential claimants; (2) no potential claimants responded to the Complaint; (3) there are no known potential claimants who are minors or incompetent persons; and (4) there are no known potential claimants who serve in the U.S. military, so the Service Members Civil Relief Act does not apply. (*See* Default; Vavere Decl. ¶¶ 7–10.)

Further, the Court finds that on balance the *Eitel* Factors weigh in favor of granting the Government's Motion. The allegations establish that Yih pleaded guilty to smuggling goods into the United States, 18 U.S.C. § 545, and money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), and agreed to forfeit the Defendant Funds as proceeds of said violations, rendering the Defendant Funds subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), and 984. In light of the well-pleaded allegations in the Complaint and that no potential claimants filed a claim, the Government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Having determined that entry of default judgment is appropriate, the Court finds that forfeiture of the Defendant Funds to the United States for disposition according to law is proper because it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion for Default Judgment. (ECF No. 19.) A separate judgment will issue.

**IT IS SO ORDERED.**

January 31, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**